JONATHAN T. REMMEL, Esq. (8627)
jremmel@remmellaw.com
**REMMEL LAW FIRM**
804 S Jones Blvd
Las Vegas, NV 89107
Ph. (702) 522-7707
Fx. (702) 475-4040
Attorney for Plaintiff,
LARRY SCHMITT

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| LARRY SCHMITT, <br><br> Plaintiff, <br> vs. <br><br> ALBERTSON'S, LLC dba ALBERTSON'S STORE #3205, a Foreign Limited-Liability Company, DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive, <br><br> Defendants. | Civil Action No.: 2:17-CV-00413-RFB-PAL <br><br> **STIPULATION AND ORDER REGARDING MOTIONS IN LIMINE** |

Plaintiff LARRY SCHMITT ("Plaintiff") and Defendant ALBERTSON'S, LLC. dba ALBERTSON'S STORE #3205 ("Defendant") (or collectively "the Parties"), by and through their respective attorneys, stipulate and agree as follows:

1. The Parties shall not refer to or introduce evidence pertaining to any offers of compromise or negotiations made pursuant to FRE 408, including settlement offers or communications (written or oral) utilized by the Parties during any settlement negotiations, including mediation;

2. Defendant's Motion in Limine No. 5, to Exclude Evidence of Settlement Negotiations (Document 40) is withdrawn and no longer requires a response;

3. Defendant shall not argue or infer that Plaintiff's attorney directed his medical care (i.e., "attorney driven," "medical build-up," or "litigation driven"), or when Plaintiff retained counsel;

4. Defendant shall not refer to their defense medical experts as "independent," nor shall they use the phrase "Independent Medical Examination" to describe Defendant's Rule 35 examination;

5. Defendant shall not argue or suggest that Plaintiff is requesting more money from the jury than what he actually expects to receive;

6. Defendant shall not reference taxation (if any) of a verdict;

7. The Parties' shall not reference any pre-trial motions, including Plaintiff's motions in limine;

8. The Parties' witnesses shall not offer testimony or commentary regarding any witnesses' credibility and veracity, or lack thereof; and

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

9. The Parties' experts shall be limited to the opinions disclosed in their FRCP 26(a)(2) report(s) and any admissible opinions disclosed during the expert's deposition.

DATED this 21st day of March, 2018.　　　DATED this 21st day of March, 2018.

**REMMEL LAW FIRM**　　　**BACKUS, CARRANZA & BURDEN**

By: /s/ Jonathan T. Remmel　　　By: /s/ Jack P. Burden
JONATHAN T. REMMEL, Esq. (8627)　　　Jack P. Burden, Esq. (6918)
6900 Westcliff Drive, Suite 504　　　3050 S, Durango Drive
Las Vegas, Nevada 89145　　　Las Vegas, NV 89117
Attorney for Plaintiff,　　　Attorney for Defendant,
LARRY SCHMITT　　　ALBERTSON'S LLC. dba
　　　ALBERTSON'S STORE #3205

**ORDER**

**IT IS SO ORDERED**.

_____
RICHARD F. BOULWARE, II
United States District Court

DATED this  28th  day of  March, , 2018.

Submitted by:

**REMMEL LAW FIRM**


/s/ Jonathan T. Remmel
JONATHAN T. REMMEL, Esq. (8627)
Attorney for Plaintiff,
LARRY SCHMITT